UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARQUIS JACKSON, et al., <br><br> Defendants. | CASE NO. 2:24-cr-00164-JNW <br><br> ORDER GRANTING THIRD MOTION TO CONTINUE TRIAL |

This matter comes before the Court on Defendant Philip Lamont Alexander's motion to continue trial. Dkt. No. 754. He asks to move the trial from February 2, 2026, to November 2, 2026, with a motions deadline of July 6, 2026; he waives his right to a speedy trial through February 28, 2027. Dkt. No. 771. Markell Jackson joins in the motion to continue, asking as well that his trial be continued to November 2, 2026, and waiving his speedy trial rights until December 2, 2026. Dkt. No. 764. Keondre Jackson also requests that the trial be continued to November 2, 2026, and waives his speedy trial rights through December 2, 2026. Dkt. No. 793. The Government does not oppose the continuance, and the other Defendants' positions are discussed below. Given the substantial ongoing discovery and the

ORDER GRANTING THIRD MOTION TO CONTINUE TRIAL - 1

complexity of this case, a continuance is warranted. Absent a showing of good cause, this will be the final continuance of the trial date in this matter.

Many Defendants have submitted speedy trial waivers to accommodate the requested continuance. Edgar Valdez has waived his speedy trial rights through November 30, 2026. Dkt. No. 755. Robert Johnson has waived his speedy trial rights through February 28, 2027. Dkt. No. 761. Chad Conti consents to continue the trial to November 2, 2026, and waives his right to a speedy trial through November 16, 2026. Dkt. No. 772. Diyana Abraha waives her right to a speedy trial through December 2, 2026. Dkt. No. 780. Robert Bellair consents to continue the trial date and waives his right to a speedy trial through February 28, 2027. Dkt. No. 781. Dejaun Ransaw waives his right to a speedy trial through November 2, 2026. Dkt. No. 785. Miracle Patu Jackson consents to a continuation of the trial and waives her speedy trial rights through March 30, 2027. Dkt. No. 786. Tyrell Lewis opposes the continuance. Dkt. No. 763.

None of the other Defendants have stated a position on the record or formally joined in the motion to continue. Nevertheless, Alexander's motion states as follows: Marquis Jackson joins in the motion; Mandel Jackson has no objection to the continuance; Sir Terrique Milam agrees to the continuance; Matelita Jackson has no objection to continuing the trial to January 2027; and Treyvon Mitchell objects to any continuance. Dkt. No. 754 at 4–5. None of these Defendants responded to the motion. *See generally* Dkt.

Alexander argues that additional time is necessary given the complexity of this case, which involves charges of conspiracy to distribute controlled substances,

ORDER GRANTING THIRD MOTION TO CONTINUE TRIAL - 2

distribution and possession with intent to distribute controlled substances, and conspiracy to commit money laundering. Dkt. No. 128. Sixteen Defendants remain set for trial. Dkt. No. 754 at 2. As discovery is voluminous, the Court appointed a discovery coordinator in November 2024 to help process and organize the extensive discovery, including material from wiretap intercepts on five different devices.

The Government is still disclosing substantial discovery. *Id*. It states that it will soon produce 6,107 files involving 8.98 gigabytes of data. *Id*. And the Government recently informed Defendants that 71 electronic devices were seized as part of this case and that the search returns for some of those devices are being produced as part of this newest discovery set. *Id*. Moreover, data from an additional 10 phones has been downloaded and is now being reviewed, while data from another 12 phones is still in line to be downloaded. *Id*.

Based on this record, the Court finds that:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the defendants the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense, as stated in 18 U.S.C. § 3161(h)(7)(B)(iv);

2. A failure to grant such a continuance in this proceeding would likely result in a miscarriage of justice, as stated in 18 U.S.C. § 3161(h)(7)(B)(i);

3. The additional time requested is a reasonable period of delay, as the defendants have requested more time to prepare for trial, to investigate

the matter, to gather evidence material to the defense, and to consider possible defenses;

4. The case is sufficiently complex due to the nature of the prosecution, the number of defendants, the volume of discovery, and the nature of the criminal charges that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, as stated in 18 U.S.C. § 3161(h)(7)(B)(ii);

5. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial, as stated in 18 U.S.C. § 3161(h)(7)(A); and

6. The additional time requested between the current trial date and the new trial date is necessary to provide counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court overrules the objections of those defendants who oppose the continuance. In multi-defendant cases like this one, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants. *United States v. Messer,* 197 F.3d 330, 336 (9th Cir. 1999) ("It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants."); *see* 18 U.S.C. § 3161(h)(6).

As stated above, the Court finds that the requested continuance is reasonable under the circumstances. The Ninth Circuit has upheld similar continuances in

complex cases, particularly where, as here, discovery is voluminous, the case involves multiple defendants, and additional time is needed to adequately prepare for trial. *See United States v. Henry*, 984 F.3d 1343, 1353–54 (9th Cir. 2021) (delay of 315 days was reasonable in complex bank robbery and conspiracy case with multiple defendants).

Accordingly, the Court ORDERS the following:

1. The Joint Motion to Continue Trial and Pretrial Motions Deadline is GRANTED. Dkt. No. 754.

2. The current trial date of February 2, 2026, is STRICKEN and RESET to November 2, 2026.

3. Pretrial motions must be filed no later than July 6, 2026.

4. The period of delay from the date of this order to the new trial date is excludable time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(i), (ii), and (iv).

Dated this 12th day of January, 2026.

Jamal N. Whitehead
United States District Judge